Nott, I.
The principal grounds in this case* on which the defendant rests his motion for a new trial, is a misdirection of the judge in the court below, in charging the jury that, from the evidence of a forcible detainer, they might find the defendant guilty of a forcible entry.
Every unlawful entry upon the possession of another is, in the eye of the law, a forcible entry. But it must be an actual, and not a mere constructive possession. Two persons cannot be in the actual possession of the same land at the same time. And wherever the unlawful entry of one, necessarily dispossesses the other, an indictment for a forcible entry may be maintained. And although the possession may háve been surreptitiously obtained, yet, if it is maintained by force, the entry will be considered forcible. Otherwise a person may be dispossessed of his cornfield, his orchard, and even his dwelling house, if an intruder should slyly creep in, when he is out about his ordinary business. It *490 *s not necessary? as llas teen contended, that to constitute a forcible entry, it should be with a multitude 0f people. The statute of 5th Richard 2d. c. 8. forbids any person to enter into any lands, or tenements, except when entiy is given, and in such case, not with strong hand, nor with multitude of people. So that where the entry is lawful it must not be done with multitude of people ; but where it is not lawful it may not be done at all. And from the relative situation of. the parties before, and the violence and force used after the entry, the jury have a right to find the defendant guilty of a forcible entry, although no person was present at the time to prove the fact. The decision of the judge, therefore, was correct and proper; and the verdict ought not to be disturbed.
Justices Brevard, Grimke, Bay and Smith concurred.